FILED 2010 OCT 22 PM 4:12 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA

```
ROBBINS UMEDA LLP
BRIAN J. ROBBINS
FELIPE J. ARROYO
SHANE P. SANDERS
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsumeda.com
farroyo@robbinsumeda.com
ssanders@robbinsumeda.com

MURRAY, FRANK & SAILER LLP
BRIAN MURRAY
275 Madison Ave., 8th floor
New York, NY 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892
bmurray@murrayfrank.com
```

Attorneys for Plaintiff

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE VALE, Derivatively on Behalf of CORINTHIAN COLLEGES, INC., <br><br>Plaintiff,<br><br>v.<br><br>PAUL R. ST. PIERRE, LINDA AREY SKLADANY, ROBERT LEE, ALICE T. KANE, TERRY O. HARTSHORN, TIMOTHY J. SULLIVAN, PETER C. WALLER, JACK D. MASSIMINO, HANK ADLER, JOHN M. DIONISIO, and KENNETH ORD,<br><br>Defendants,<br><br>and<br><br>CORINTHIAN COLLEGES, INC., a Delaware corporation,<br><br>Nominal Defendant. | Civil Action No.<br>SACV10-01625 AG(PJWx)<br><br>VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934, BREACH OF FIDUCIARY DUTY, ABUSE OF CONTROL AND UNJUST ENRICHMENT<br><br><br><br><br><br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Plaintiff Jake Vale ("Plaintiff") is a shareholder of Corinthian Colleges, Inc. ("Corinthian" or the "Company"), and files this Verified Shareholder Derivative Complaint (the "Complaint") on behalf of the Company against certain of its officers and directors seeking to remedy defendants' violations of state and federal law, including violations of the Securities Exchange Act of 1934 (the "Exchange Act"), breaches of fiduciary duty and unjust enrichment from October 2007 to the present (the "Relevant Period") that have caused substantial financial losses to Corinthian and other damages, including, but not limited to, its reputation and goodwill. Plaintiff hereby alleges upon personal knowledge as to his own acts and upon information and belief as to all other matters, based upon, among other things, an investigation conducted by Plaintiff's counsel, which included the review of publicly available documents filed with the U.S. Securities and Exchange Commission (the "SEC"), press releases, and other media reports.

## NATURE OF THE ACTION

1.       Throughout the Relevant Period, defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company overstated its growth prospects by engaging in illicit and improper recruiting activities, which also had the effect of artificially inflating the

- 1 -
VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Company's reported results and future growth prospects; (ii) the Company's financial results were overstated in that the Company's colleges' inflated tuition costs and its student loan repayment rates were well below levels required for participation in federal loan programs; (iii) the Company failed to maintain adequate systems of internal operational or financial controls; and (iv) based on the foregoing, defendants lacked a basis for their positive statements about the Company, its prospects, and growth.

2.   On August 3, 2010, the U.S. General Accounting Office ("GAO") issued a report that concluded that for-profit educational institutions such as Corinthian had engaged in an illegal and fraudulent course of action designed to recruit students and overcharge the federal government for the cost of the students' education. Thereafter, a Congressional Committee launched an investigation of such practices; the U.S. Department of Education ("DOE") released data showing that the loan repayment rates for Corinthian enrollees were well below the level required for federal loan program eligibility; and the Company disclosed that its enrollee default rates had significantly increased, and were continuing to do so.

3.   As a result of these revelations, the Company's market capitalization fell dramatically, from over $815 million on August 2, 2010 to $396 million on August 20, 2010, an over 50% decline. As a result of defendants' wrongful acts and

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

omissions, the Company sustained millions in the loss of market value.

4. While the Board was sufficiently aware of the over statement of the Company's financial results and improper marketing activities, Corinthian College's shareholders were not. In seeking reelection to their lucrative positions, the Board failed to disclose material information to the Company's shareholders necessary to make an adequately informed decision in violation of federal law. As a result, the Company's shareholders reelected members of the Board, allowing these defendants to continue to harm the Company, and reap undeserved compensation.

5. Plaintiff now brings this litigation on behalf of Corinthian Colleges and seeks to rectify the conduct of the individuals bearing ultimate responsibility for the harm to the Company—the directors on the Board and senior management, to impose responsibility upon those individuals, and to recover for damages sustained by Corinthian College due to defendants' violations of federal law, breaches of fiduciary duty, unjust enrichment, and waste of Company assets

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case arising under Article III of the Constitution and 28 U.S.C. §1331 because of claims arising under Section 14(a) of the Exchange Act. In addition, this Court has jurisdiction over this matter because it requires the resolution of a substantial issue of federal law.

7. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

8. The Court retains general jurisdiction over each named defendant who is a resident of California. Additionally, this Court has specific jurisdiction over each named non-resident defendant because these defendants maintain sufficient minimum contacts with California to render jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

9. The Company maintains operations in California. Moreover, defendants' conduct was purposefully directed in California and arose in California, where Corinthian maintains its corporate headquarters. Exercising jurisdiction over the named non-resident defendants is reasonable.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because one or more of the defendants either resides in or maintains executive offices in this District, a substantial portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein and aiding and abetting and conspiracy in violation of fiduciary duties owed to the Company occurred in this District, and defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## PARTIES

11. Plaintiff is, and was at times relevant hereto, an owner and holder of Corinthian common stock.

12. Nominal Defendant Corinthian is a Delaware corporation with its principal place of business located at 6 Hutton Centre Drive, Suite 400, Santa Ana, California. The Company is a post-secondary education company, providing a variety of diploma programs, as well as different degrees in the United States and Canada.

13. Defendant Paul R. St. Pierre ("St. Pierre") served as Corinthian's Executive Vice President, Marketing & Admissions until his retirement in June 2003. St. Pierre has been a member of Corinthian's Board of Directors ("Board") since the Company's inception in July 1995, and was elected Vice Chairman of the Board in January 2003. St. Pierre is a member of the Compensation and Nominating and Corporate Governance Committees of the Board.

14. Defendant Linda Arey Skladany ("Skladany") became a member of the Board effective upon the completion of Corinthian's initial public offering in February 1999. Skladany is a member of the Compensation Committee and the Chairperson of the Nominating and Corporate Governance Committee of the Board.

15. Defendant Robert Lee became a member of the Board in

October 2006. Lee is a member of the Audit Committee and is the Chairperson of the Compliance Committee of the Board.

16. Defendant Alice T. Kane ("Kane") was appointed to the Board in July 2005. Kane is a member of the Compliance Committee and is the Chairperson of the Compensation Committee of the Board.

17. Defendant Terry O. Hartshorn ("Hartshorn") was appointed to the Board in September 2005, and is currently the lead independent director of the Board. Hartshorn is a member of the Audit Committee and the Nominating and Corporate Governance Committee of the Board.

18. Defendant Timothy J. Sullivan ("Sullivan") was appointed to the Board in January 2008. Sullivan is a member of the Nominating and Corporate Governance Committee and the Compliance Committee of the Board.

19. Defendant Peter C. Waller ("Waller") was appointed to the Board in August 2008. Waller is currently the Chief Executive Officer ("CEO") of the Company, a position he has held since July 1, 2009. Waller was the Company's President and Chief Operating Officer from February 2006 to June 30, 2009.

20. Defendant Jack D. Massimino ("Massimino") is the Company's Chairman of the Board and an executive officer of the Company. Massimino was the Company's CEO from November 2004 through June 2009. Massimino was appointed Chairman of the Board in August 2008. Massimino initially joined the

- 6 -
VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

- 6 -
VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Board immediately upon the completion of Corinthian's initial public offering in February 1999.

21. Defendant Hank Adler ("Adler") has served on the Board since August 2004. Adler is the Chairperson of the Audit Committee and a member of the Compliance Committee of the Board.

22. Defendant John M. Dionisio was appointed to the Board in April 2008. Dionisio is a member of the Audit Committee and the Compensation Committee of the Company's Board.

23. Defendant Kenneth Ord ("Ord") was the Company's Executive Vice President and Chief Financial Officer throughout the Relevant Period.

24. Defendants St. Pierre, Skladany, Lee, Kane, Hartshorn, Sullivan, Waller, Massimino, Adler, and Dionisio are referred to herein as the "Director Defendants."

25. The Director Defendants, together with Defendant Ord, are referred to herein as the "Individual Defendants."

26. Because of Individual Defendants' positions, they knew the adverse non-public information about the business of Corinthian. Specifically, Individual Defendants knew, consciously disregarded, were reckless and grossly negligent in not knowing or should have known about the business of Corinthian, as well as its projections, discussions, and disclosure of the Company's finances, and present and

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

future business prospects, via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at Board meetings and committees thereof and via reports and other information provided to them in connection therewith. During the Relevant Period, Individual Defendants participated in the issuance of improper statements, including the preparation of the false and/or misleading press releases and SEC filings.

## DEFENDANTS' DUTIES

27.  By reason of their positions as officers, directors and/or fiduciaries of Corinthian and because of their ability to control the business and corporate affairs of Corinthian, the Individual Defendants owed Corinthian and its shareholders fiduciary obligations of trust, loyalty, good faith, and due care, and were and are required to use their utmost ability to control and manage Corinthian in a fair, just, honest, and equitable manner. Individual Defendants were and are required to act in furtherance of the best interests of Corinthian and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.

28.  Each director and officer of the Company owes to Corinthian and its shareholders the fiduciary duty to exercise good faith, and diligence in the administration of the affairs of the Company and in the use and preservation of its

property and assets, and the highest obligations of fair dealing. In addition, as officers and/or directors of a publicly held company, defendants had a duty to promptly disseminate accurate and truthful information with regard to the Company's revenue, margins, operations, performance, management, projections, and forecasts so that the market price of the Company's stock would be based on truthful and accurate information.

29. Individual Defendants, because of their positions of control and authority as directors and/or officers of Corinthian, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein, as well as the contents of the various public statements issued by the Company. Because of their advisory, executive, managerial, and directorial positions with Corinthian, each of the Individual Defendants had access to adverse non-public information about the financial condition, operations, and improper representations of Corinthian.

30. At all times relevant hereto, each of the Individual Defendants was the agent of each of the other Individual Defendants and of Corinthian, and was at all times acting within the course and scope of such agency.

31. During the Relevant Period, in order to discharge their duties, the officers and directors of Corinthian were required to exercise reasonable and prudent supervision over the management, policies, practices, and controls of the

financial affairs of the Company. By virtue of such duties, the officers and directors of Corinthian were required to, inter alia:

 (a) refrain from acting upon material inside corporate information to benefit themselves;

 (b) ensure that the Company complied with its legal obligations and requirements, including acting only within the scope of its legal authority and disseminating truthful and accurate statements to the SEC and the investing public;

 (c) conduct the affairs of the Company in an efficient, business like manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock; and

 (d) properly and accurately guide investors and analysts as to the true financial condition of the Company at any given time, including making accurate statements about the Company's financial results and prospects, and ensuring that the Company maintained an adequate system of financial controls such that the Company's financial reporting would be true and accurate at all times.

32. Each Individual Defendant, by virtue of his or her position as a director and/or officer, owed to the Company and to its shareholders the fiduciary duties of loyalty, good faith and the exercise of due care and diligence in the management and administration of the affairs of the Company. Individual

- 10 -
VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Defendants' conduct complained of herein involves knowing and culpable violation of their obligations as directors and officers of Corinthian, the absence of good faith on their part, and a reckless disregard for their duties to the Company and its shareholders that Individual Defendants were aware or should have been aware posed a risk of serious injury to the Company.

## SUBSTANTIVE ALLEGATIONS

### Background

33.   Corinthian is a private, for-profit post-secondary education company operating in the United States and Canada. As of June 30, 2009, the Company had a student enrollment of 86,088, and operated eighty-nine schools in twenty-four states and seventeen schools in the province of Ontario, Canada. The Company offers a variety of diploma programs and associate, bachelor, and master's degrees. The Company's training programs include healthcare, criminal justice, construction trades, business, and information technology. The Company offers online learning to two categories of students, including those attending online classes exclusively, and those attending a blend of traditional classroom and online courses. As of June 30, 2010, Corinthian's total student population is 110,580. The Company's brands include Everest, WyoTech, and Heald Colleges. Everest College Phoenix consists of two ground schools and on online learning unit with about 5,800 students.

## Defendants' False and Misleading Statements

34. On October 11, 2007, the Company filed with the SEC its Definitive Proxy Statement for the annual meeting of shareholders to be held on November 16, 2007 (the "October 2007 Proxy"). The October 2007 Proxy noted that:

> The Board of Directors, on the recommendation of the Nominating and Corporate Governance Committee, has adopted Corporate Governance Principles to assist the Board in the discharge of its duties and to serve the interest of the Company and its stockholders. The Corporate Governance Principles are included as Appendix A to this Proxy Statement, and can be viewed under the heading "Investor Relations" on the Company's website at www.cci.edu.

35. The Corporate Governance Principles were adopted by the Board "as a statement of the elements of governance by which the Board will manage its affairs." Among the provisions of the Corporate Governance Principles appended to the October 2007 Proxy were the following:

- The Board has the responsibility of overseeing, counseling, and directing the corporate officers to ensure that the interests of the Company and its stockholders are being served. The Board and the Company's corporate officers recognize that the long-term interests of the Company and its stockholders may also be advanced when they take into account the concerns of the employees, students and communities.

- The Board's general oversight responsibilities include, but are not limited to, the following: (1) evaluating the CEO's performance and reviewing the Company's succession plan for the CEO and other elected officers; (2) reviewing the business plans of the Company and monitoring performance relative to achievement of those plans; (3) considering long-range strategic issues and risks to the Company; and (4) approving policies of corporate conduct that continue to promote and maintain the integrity of the Company.